**WO**                                                                    MH

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Marica Isela Encinas-Solano,

Plaintiff,

v.

United States Border Patrol, et al.,

Defendants.

No.    CV-23-00227-TUC-SHR

**ORDER**

On May 15, 2023, Plaintiff Marica Isela Encinas-Solano filed a pro se civil rights Complaint (Doc. 1) pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),[1] and an Application to Proceed In District Court Without Prepaying Fees or Costs (Doc. 7).  For the following reasons, the Court will grant the Application and dismiss the Complaint with leave to amend.

**I.     Application to Proceed In District Court Without Prepaying Fees or Costs**

Plaintiff's Application to Proceed indicates she lacks sufficient funds to prepay the filing fee for this action.  The Application to Proceed will therefore be granted and Plaintiff will not be required to pay the filing fees for this action.

. . . .

. . . .

---

[1] Although Plaintiff did not identify a federal jurisdictional basis for this case, she is seeking damages from federal officers who purportedly violated her constitutional rights. Accordingly, the Court construes this action as having been filed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

JDDL

## II.       Statutory Screening of Prisoner Complaints

Pursuant to 28 U.S.C. § 1915(e)(2), in a case in which a plaintiff has been granted in forma pauperis status, the Court shall dismiss the case "if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the case.  *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc).  Plaintiff's

Complaint will be dismissed for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

**III.     Complaint**

In her one-count Complaint, Plaintiff appears to allege her Fifth Amendment due process and equal protection rights were violated when United States Border Patrol (USBP) Agents reneged on an agreement to forgo prosecution and discriminated against her based on her race.  (Doc. 1 at 3.)  Plaintiff is suing USBP Agent Arturo Acosta and an unspecified number of unnamed USBP Agents, named as "Federal Agents Border Patrol," for damages.  (*Id.* at 2.)

According to Plaintiff, in 2013 USBP Agent Manny Robles told Plaintiff she could obtain United States citizenship by disclosing information about a cartel in Mexico.  (Doc. 1 at 8.)  After Plaintiff solicited such information from a friend and supplied it to USBP Agents, Acosta allegedly told her he would not give her "anything," and would "send [her] to Mexico" if she stopped providing information.  (*Id.* at 3.)  By Plaintiff's account, Acosta and other USBP Agents later revealed to another cooperating cartel member Plaintiff had served as an informant, and in 2017, she was kidnapped, tortured, and sexually abused as a result.  (*Id.*)  When Plaintiff told Acosta what had happened to her, he "laugh[ed] and said just don't go to Mexico."  (*Id.*)  Plaintiff also claims Acosta "pick[ed her] up of Illegal reentry" and tried to get her "convi[c]ted of something [she] didn't do" after she had already supplied the information he requested.  (*Id.*)  Since then, Plaintiff has allegedly been harassed, intimidated, and discriminated against by USBP agents and was arrested for illegal reentry "as soon [as] one of them" saw her, even though they "know[ she is] not illegal."  (*Id.*)

Plaintiff claims to have spent months in custody as a result of Defendants' actions, during which time she broke her tailbone and was denied medical attention for a brain tumor.  (Doc. 1 at 5.)  She also allegedly suffered physical, mental, and emotional damage, including post-traumatic stress disorder, as a result of Defendants' conduct.  (*Id.*)

. . . .

**IV.    Background**

Following her arrest in this District on November 23, 2013, Plaintiff pleaded guilty in *United States v. Encinas-Solano*, CR-14-00839-RB (D.N.M.), to a violation of 21 U.S.C. § 846: Conspiracy to Possess with Intent to Distribute Marijuana, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(D).   The United States District Court for the District of New Mexico entered Judgment in that case on July 17, 2014, but the Court's disposition is not apparent from the record.  Following her apparent conviction in CR-14-00839-RB, Plaintiff was charged twice in this District with Illegal Reentry, in violation of 8 U.S.C. § 1326(a), (b)(2).  Plaintiff was charged once in 2018, *see United States v. Encinas-Solano*, CR-18-00996-TUC-CKJ (LAB), and again in 2023, *see United States v. Encinas-Solano*, MJ-23-05813-TUC-MSA.  Both charges were dismissed on the Government's motion.  *Encinas-Solano*, CR-18-00996-TUC-CKJ (LAB) (Doc. 53); *Encinas-Solano*, MJ-23-05813-TUC-MSA (Doc. 10).

**V.    Availability of a *Bivens* Remedy**

Since the Supreme Court decided in *Bivens* a plaintiff could seek damages for a violation of the Fourth Amendment prohibition on illegal searches and seizures, 403 U.S. at 396–97, it has only recognized *Bivens* claims in two other cases—*Davis v. Passman*, 442 U.S. 228 (1979), and *Carlson v. Green*, 446 U.S. 14 (1980).  In *Davis*, the Court held a cause of action existed under *Bivens* for an administrative assistant's claim alleging a Congressman had discriminated against her because of her gender, in violation of the Fifth Amendment's Due Process Clause.  *Davis*, 442 U.S. at 230–31.  In *Green*, the Court recognized a *Bivens* remedy filed by a decedent's family in a case involving an Eighth Amendment claim against federal prison officials for failing to treat decedent's asthma.  *Green*, 446 U.S. at 16–18.  "These three cases . . . represent the only instances in which the [Supreme] Court has approved of an implied damages remedy under the Constitution itself."  *Ziglar v. Abbasi*, 582 U.S. 120, 131 (2017); *see also Egbert v. Boule*, 596 U.S. 482, 483 (2022) ("Over the past 42 years, however, we have declined 11 times to imply a similar cause of action for other alleged constitutional violations.").

Although the Supreme Court has not "dispense[d] with *Bivens* altogether," it has "emphasized that recognizing a cause of action under *Bivens* is 'a disfavored judicial activity.'" *Egbert*, 569 U.S. at 491 (quoting *Ziglar*, 582 U.S. at 135). In *Ziglar*, the Supreme Court set forth a two-part test to determine whether a *Bivens* claim may proceed: a court first must consider whether the claim at issue extends *Bivens* in a new context from previously established *Bivens* cases; if so, the court must then apply a "special factors analysis" to determine whether there are "special factors counselling hesitation" in expanding *Bivens*. *Ziglar*, 582 U.S. at 136. However, these two steps "often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Egbert*, 569 U.S. at 492. A court "must ask only whether it, rather than the political branches, is better equipped to decide whether existing remedies 'should be augmented by the creation of a new judicial remedy.'" *Id.* at 493 (quoting *Bush v. Lucas*, 462 U.S. 367, 388 (1983)). "The question is 'who should decide' whether to provide for a damages remedy, Congress or the courts? The answer most often will be Congress." *Ziglar*, 137 S. Ct. at 1857 (2017) (quoting *Bush*, 462 U.S. at 388).

At this juncture, the Court need not determine whether Plaintiff can seek damages for her claims because, as discussed below, her allegations are insufficient to state a claim against any named Defendant. Accordingly, the Court will defer analysis of the availability of a *Bivens* remedy until after Plaintiff has alleged sufficient facts to claim her constitutional rights were violated.

## VI.    Failure to State a Claim

To prevail in a § 1983 or *Bivens* claim, a plaintiff must show (1) acts by the defendants (2) under color of state or federal law (as relevant) (3) deprived her of federal rights, privileges or immunities and (4) caused her damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163–64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)); *see also Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) ("Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*.").

In addition, a plaintiff must allege she suffered a specific injury as a result of the conduct of a particular defendant and must allege an affirmative link between the injury and the conduct of each defendant. *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim. *Id.*

Failure to state a claim includes circumstances where a defense is "complete and obvious from the face of the pleadings." *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989). In the absence of waiver, the Court may raise the defense of statute of limitations sua sponte. *See Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 687 (9th Cir. 1993); *see also Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (upholding sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) of prisoner's time-barred complaint). The applicable statute of limitations in an action under *Bivens* is the forum state's statute of limitations for personal injury actions. *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) ("'Although federal law determines when a *Bivens* claim accrues, the law of the forum state determines the statute of limitations for such a claim.'" (quoting *Papa v. United States*, 281 F.3d 1004, 1009 (9th Cir. 2002))). Arizona's statute of limitations for personal injury actions is two years. *See* Ariz. Rev. Stat. § 12-542(1). Thus, to be timely, Plaintiff's claims must have accrued no more than two years before her Complaint was filed. In other words, they must have accrued on or before May 15, 2021.

### A. Defendants Federal Agents Border Patrol

Plaintiff's claim against the Defendants identified as "Federal Agents Border Patrol" is premised on a vague allegation, i.e., an unspecified number of USBP agents intimidated her, discriminated against her, and arrested her on sight "knowing [she is] not illegal." Such an allegation is not sufficient to support liability under *Bivens*. *See Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) (upholding dismissal of *Bivens*

complaint because it referred to all defendants "generally and categorically" and the plaintiff had failed to "'allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right.'" (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008))); *cf. Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("Given the [§ 1983] complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they [allegedly] committed.").  Plaintiff has not attempted to differentiate among the actions of the unquantified group of individuals she names as Defendants, nor has she alleged specific facts showing what role each individual member of this group played in the violation of her due process and/or equal protection rights. Plaintiff has therefore failed to state a claim against the Defendants identified as "Federal Agents Border Patrol," and these Defendants will be dismissed without prejudice.

**B.     Defendant Acosta**

**1.     Breach of Cooperation Agreement**

Plaintiff appears to claim Defendant Acosta violated her due process rights when a cooperation agreement he induced her to enter in 2013 was subsequently violated. However, she has not alleged sufficient facts to state a claim on this basis.  While Plaintiff claims Acosta "pick[ed her] up of Illegal reentry" on an unspecified date and told her at some point he would give her "nothing," it is not clear how, exactly, Acosta was involved in Plaintiff's arrest and prosecution or how he was aware of her identity and her status as an informant at the time he "pick[ed her] up."  Absent additional information concerning the nature of Plaintiff's cooperation agreement and *specific facts* showing how Acosta was involved in an arrest and prosecution in violation of the agreement, Plaintiff cannot state a claim against Acosta on this basis.

In addition, it appears any claim against Acosta on the basis of a breached cooperation agreement is barred by the relevant statute of limitations.  Plaintiff has failed to allege Acosta was involved in any way in her most recent (2023) arrest and prosecution,

and her allegations indicate other USBP agents were responsible for her arrest in connection with MJ-23-05813-TUC-MSA.  Thus, any claim against Acosta for falsely inducing Plaintiff into entering into a cooperation agreement or attempting to convict her for "something [she] didn't do" would have accrued on or before October 17, 2019, the date on which the Court dismissed the indictment in CR-18-0996-TUC-CKJ (LAB).  As a result, absent a basis for tolling,[2] which does not appear in the Complaint, such claims are barred by the relevant statute of limitations.

## 2.    Failure to Protect

To the extent Plaintiff intended to assert a due process claim against Defendant Acosta based on her allegation he exposed her to violence at the hands of cartel members, her allegations are similarly deficient.  "[N]othing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors."  *Deshaney v. Winnebago Cnty. Dep't of Soc. Servs*., 489 U.S. 189, 195 (1989).  Therefore, "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause."  *Id*. at 197.  There are two exceptions to this rule: the custody exception and the state-created-danger exception.  *Peete v. Metro. Gov't of Nashville & Davidson Cnty*., 486 F.3d 217, 223 (6th Cir. 2007).  The custody exception applies when a state "takes a person into its custody

---

[2] Arizona law provides for the tolling of the statute of limitation after a cause of action accrues for the period during which a plaintiff was less than 18 years old or of unsound mind.  Ariz. Rev. Stat. § 12-502.  If a person is, at the time the cause of action accrued, either under 18 years of age or of unsound mind, "the period of such disability shall not be deemed a portion of the period limited for commencement of the action" and "[s]uch person shall have the same time after removal of the disability which is allowed to others."  *Id*.  However, it is insufficient to summarily claim an inability to bring an action as a result of mental disability.  *Doe v. Roe*, 955 P.2d 951, 964 (Ariz. 1998).  Rather, a plaintiff must set forth specific facts showing he or she was unable to manage his or her affairs or understand his or her legal rights or liabilities.  *Id*.

Arizona courts also recognize equitable exceptions to the application of a statute of limitations "when necessary to prevent injustice."  *Nolde v. Frankie*, 964 P.2d 477, 480 (Ariz. 1998).  Under Arizona's equitable tolling doctrine, a plaintiff may sue after the statutory period to file a complaint has expired if he was "prevented from filing in a timely manner due to sufficiently inequitable circumstances."  *McCloud v. State*, 170 P.3d 691, 696 (Ariz. Ct. App. 2007) (quoting *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236 (3d Cir. 1999)).  However, the tolling of a statute of limitations for equitable reasons requires a finding of extraordinary circumstances.  *Id*.

and holds him there against his will." *Deshaney*, 489 U.S. at 199–200, and "does not apply when a state fails to protect a person who is not in custody," *Patel v. Kent School Dist.*, 648 F.3d 965, 972 (9th Cir. 2011).  The state-created-danger exception only applies when "there is 'affirmative conduct on the part of the state in placing the plaintiff in danger.'" *Id.* at 974 (quoting *Munger v. City of Glasgow Police Dep't*, 227 F.3d 1082, 1086 (9th Cir. 2000)).  In other words, where state action "creates or exposes an individual to a danger which he or she would not have otherwise faced."  *Henry A. v. Willden*, 678 F.3d 991, 1002– 03 (9th Cir. 2012) (quoting *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1061 (9th Cir. 2006)).  This exception is limited to situations in which the state acted with "'deliberate indifference' to a 'known and obvious danger.'"  *Id.* at 998 (quoting *Patel*, 648 F.3d at 972).

By claiming Defendant Acosta revealed Plaintiff's status as an informant to a cartel member, Plaintiff has adequately alleged Acosta undertook affirmative action and placed her in danger.  Although she claims her identity was disclosed to another informant by "Arturo Acosta, Manny Robles and other agents working with him," absent more information concerning the specific circumstances of Acosta's disclosure, this allegation is not sufficient to show Acosta disclosed Plaintiff's status with "'deliberate indifference' to a 'known and obvious danger.'"  *Id.* at 1002–03 (quoting *Kennedy*, 439 F.3d at 1061).  Plaintiff has therefore failed to state a claim against Acosta for failing to protect her.

Moreover, Plaintiff's allegations indicate she was assaulted by cartel members in 2017 and was aware, at the time of her kidnapping and assault, the violence had been prompted by Defendant Acosta's disclosure.  Thus, as alleged, Plaintiff's failure-to-protect claim appears to be barred by the relevant statute of limitations.

## VII.   Leave to Amend

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Plaintiff may submit a first amended complaint to cure the deficiencies outlined above no later than **Monday, March 11, 2024**.  The Clerk

of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.[3]

Plaintiff must clearly designate on the face of the document it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

A first amended complaint supersedes the original Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action raised in the original Complaint and voluntarily dismissed or dismissed without prejudice is waived if it is not alleged in a first amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what each Defendant did or failed to do; (4) how the action or inaction of each Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of each Defendant's conduct.  *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff must repeat this process for each person she names as a Defendant.  If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim.  **Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed**.

To state a claim for a violation of the Equal Protection Clause, a plaintiff must

---

[3] Although Plaintiff is not a prisoner, she is encouraged to use this form to assist her in coherently presenting her claims to the Court.

JDDL

typically show "the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).   The United States Supreme Court has also recognized "successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that [he or she] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *see also SeaRiver Maritime Fin. Holdings, Inc. v. Mineta*, 309 F.3d 662, 679 (9th Cir. 2002).   If Plaintiff chooses to submit an amended complaint, she should take note of these legal principles before attempting to draft one.

**VIII.   Warnings**

**A.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.   Plaintiff must not include a motion for other relief with a notice of change of address.   Failure to comply may result in dismissal of this action.

**B.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.   *See Ferdik*, 963 F.2d at 1260–61 (noting a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed In District Court Without Prepaying Fees or Costs (Doc. 7) is **GRANTED**.

(2)     The Complaint (Doc. 1) is **DISMISSED** for failure to state a claim.   Plaintiff has up to and including **Monday, March 11, 2024,** to file a first amended complaint in compliance with this Order.

(3)     If Plaintiff fails to file an amended complaint by the end of the day **Monday, March 11, 2024**, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice and deny any pending unrelated motions as moot.

(4)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 9th day of February, 2024.

Honorable Scott H. Rash
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.   If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4 provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3. <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.   The total fees for this action are $402.00 ($350.00 filing fee plus $52.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6. <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Mail the original and one copy of the complaint with the $402 filing and administrative fees or the application to proceed in forma pauperis to:**

Revised 12/1/20

<u>Phoenix & Prescott Divisions</u>:          **OR**          <u>Tucson Division</u>:
U.S. District Court Clerk                                  U.S. District Court Clerk
U.S. Courthouse, Suite 130                          U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10           405 West Congress Street
Phoenix, Arizona   85003-2119                     Tucson, Arizona   85701-5010

7.   <u>Change of Address</u>.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.   <u>Certificate of Service</u>.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**
     A certificate of service should be in the following form:

        I hereby certify that a copy of the foregoing document was mailed
        this _____ (month, day, year) to:
        Name:   _____
        Address:_____
                         Attorney for Defendant(s)

        _____
        (Signature)

9.   <u>Amended Complaint</u>.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint. LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed**.   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.   <u>Exhibits</u>.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.   <u>Letters and Motions</u>.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.   <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.   <u>Your Name</u>.   Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.   <u>Defendants</u>.   If there are **four or fewer** defendants, print the name of each.   If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.   Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.   <u>Jury Demand</u>.   If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."   Failure to do so may result in the loss of the right to a jury trial.   A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

    1.   <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."   If you mark "other," identify the source of that authority.

    2.   <u>Location</u>.   Identify the institution and city where the alleged violation of your rights occurred.

    3.   <u>Defendants</u>.   Print all of the requested information about each of the defendants in the spaces provided.   If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided.   If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

    You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

1.  <u>Counts</u>.   You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2.  <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3.  <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4.  <u>Injury</u>.   State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.   You must exhaust any available administrative remedies before you file a civil rights complaint.   *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)

                       Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

              Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

**CASE NO.** _____
            (To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT**
**BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.  JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
        ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
        ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
        ☐ Other: _____.

2.    Institution/city where violation occurred: _____.

Revised 12/1/20                  1                       **550/555**

## B.   DEFENDANTS

1.   Name of first Defendant: _____.   The first Defendant is employed as: _____ at_____.
                            (Position and Title)                            (Institution)

2.   Name of second Defendant: _____.   The second Defendant is employed as: as: _____ at_____.
                            (Position and Title)                            (Institution)

3.   Name of third Defendant: _____.   The third Defendant is employed as: _____ at_____.
                            (Position and Title)                            (Institution)

4.   Name of fourth Defendant: _____.   The fourth Defendant is employed as: _____ at_____.
                            (Position and Title)                            (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.   PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?      ☐ Yes      ☐ No

2.   If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

    a.   First prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:   (Was the case dismissed?   Was it appealed?   Is it still pending?)_____
           _____.

    b.   Second prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:   (Was the case dismissed?   Was it appealed?   Is it still pending?)_____
           _____.

    c.   Third prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:   (Was the case dismissed?   Was it appealed?   Is it still pending?)_____
           _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.  State the constitutional or other federal civil right that was violated: _____
_____ .

2.  **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail              ☐ Access to the court       ☐ Medical care
☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion      ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____ .

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

4.  **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____ .

5.  **Administrative Remedies:**
   a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☐ Yes     ☐ No
   b.  Did you submit a request for administrative relief on Count I?         ☐ Yes     ☐ No
   c.  Did you appeal your request for relief on Count I to the highest level?  ☐ Yes     ☐ No
   d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
   _____ .

**COUNT II**

1.  State the constitutional or other federal civil right that was violated: _____
_____.


2.  **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail               ☐ Access to the court        ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property           ☐ Exercise of religion       ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.


3.  **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what
**each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without
citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.


4.  **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.


5.  **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
        your institution?                                                        ☐ Yes       ☐ No
   b.   Did you submit a request for administrative relief on Count II?           ☐ Yes       ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?  ☐ Yes       ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
        did not.  _____
        _____.

4

## COUNT III

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care
☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No
   b.   Did you submit a request for administrative relief on Count III? ☐ Yes ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level? ☐ Yes ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _____          _____
                          DATE                                                   SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)


_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.